UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>THAKORJI, INC.,<br>d/b/a Comfort Suites Stonecrest,<br>    Debtor. | CHAPTER 11<br>CASE NO. 18-70018-SMS<br><br>JUDGE SIGLER |
| THAKORJI, INC.,<br>    Plaintiff<br>v.<br>WESLEY DOWDY and<br>DUKE HOSPITALITY, LLC,<br>    Defendants | ADVERSARY PROCEEDING<br>NO. 21-_____ |

**COMPLAINT TO REQUIRE TURNOVER OF PROPERTY OF THE ESTATE,
FOR INJUNCTIVE RELIEF, AND FOR DAMAGES**

COMES NOW Thakorji, Inc., Debtor and Debtor-in Possession who, by and through counsel of record, files the Complaint to Require Turnover of Property of the Estate, Injunctive Relief and for Damages, respectfully showing this Court the following:

**THE PARTIES AND JURISDICTION**

1. Thakorji, Inc. ("Thakorji" or "Debtor") commenced this Chapter 11 bankruptcy case by the filing of a voluntary petition for relief on November 30, 2018.

2. Debtor's business consists of operating a fully functioning 83 room hotel in Lithonia/Stonecrest, Georgia operated under the franchise and brand of Comfort Suites.

3. No trustee has been appointed, and Thakorji remains the Debtor-in Possession.

4. As Debtor-in-Possession, Thakorji has powers and rights of a trustee serving in a case under Chapter 11, including the right to recover property of the estate.

5. Wesley Dowdy is a natural person who resides at 1688 Lakeview Drive, Young Harris, Georgia 30582.  Wesley Dowdy is subject to the jurisdiction of this Court and may be served with summons and complaint by first class U.S. mail at his dwelling house or usual place of abode or to the place where he regularly conducts a business or profession as pursuant to Bankruptcy Rule 7004(b)(1).

6. Duke Hospitality, LLC ("Duke Hospitality") is a Georgia Limited Liability Company, whose registered agent is Ward Council, and whose registered office is 896 Ashebrooke Way, NE, Marietta, Georgia 30068.  Duke Hospitality may be served with summons and complaint by service upon is managing or general agent, or to any other agent authorize by appointment to receive process, pursuant to Bankruptcy Rule 7004(b)(3).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334.

8. This is a Core Proceeding within the meaning of 28 U.S.C. §157(b)(2).

9. Venue is proper in this District pursuant to 28 U.S.C §§ 1408, 1409.

## MATERIAL EVENTS PRECEDING FEBRUARY 19, 2021

10. Prior to the commencement of this Case, Dhansukh Patel was the CEO of Thakorji. and the majority shareholder of Thakorji, as reported in the Statement of Financial Affairs filed in this Case [Doc. No.29].

11. At the time this Case was commenced, there were four shareholders of the Debtor: Dhansukh Patel 55% (550), Naresh Patel 15% (150), Urmilla Patel 15% (150) and Amit Patel 15% (150) [Doc. No. 29].

12. At the time this Case was commenced, the Directors of Thakorji approved Wesley Dowdy to serve as the Managing Agent for Debtor in this Chapter 11 Case [Doc. No. 1.1].

13. Wesley Dowdy resigned as Managing Agent effective May 31, 2020 and Dhansukh Patel, CEO of Thakorji, was restored all duties and responsibilities of managing and reporting for Debtor effective June 1, 2020.

14. Wesley Dowdy, in his capacity of Managing Agent, signed the Petition and Schedules initially filed in this Case, participated in the Initial Debtor Interview with the U.S. Trustee and testified for the Debtor at the Section 341 Meeting of Creditors. When he verified the Schedules, Wesley Dowdy scheduled Duke Hospitality, LLC ("Duke Hospitality") as having a liquidated, undisputed, non-contingent claim in the amount of $381,820.14 and signed the schedules under penalty of perjury [Doc. No.  1].

15. Wesley Dowdy, as Managing Agent of the Debtor, utilized employees of Duke Hospitality to provide services to the Debtor, including payroll, preparation of Monthly Operating Reports, and processing insurance claims.

16. Duke Hospitality is an entity over which Wesley Dowdy exercises control and in which, at the time of commencement of this Case, Dhansukh Patel held an equity interest.

17. At or around the time that Wesley Dowdy abandoned management duties of Debtor to Dhansukh Patel, Duke Hospitality divested Dhansukh Patel of his equity interest in Duke Hospitality.

18. When he resumed management responsibilities of the Debtor, Dhansukh Patel discontinued the use of any employees of Duke Hospitality.

19. When he resumed management responsibilities of the Debtor, Dhansukh Patel reviewed the financial records provided by Wesley Dowdy and by Duke Hospitality and was unable to reconcile certain payments made by Wesley Dowdy and Duke Hospitality with expenses of the Debtor, could not account for insurance proceeds received by the Debtor, and had questions regarding the validity of certain payments to Duke Hospitality and other charges reported on Monthly Operating Reports prepared by Wesley Dowdy or by Duke Hospitality employees which were filed in this Case.

20. Debtor applied to this Court [Doc.No. 158], and this Court entered and Order [Doc. No. 159] authorizing Debtor to employ John Christy and the law firm of Shreeder, Wheeler and Flint, LLP as litigation counsel to investigate and, if appropriate, to commence proceedings to recover amounts from Duke Hospitality or from other entities.

21. Debtor applied to this Court for an order directing Duke Hospitality to produce documents and appear for a Bankruptcy Rule 2004 examination of Duke Hospitality [Doc. No. 169], and this Court entered and Order approving the examination on November 17, 2020 [Doc No. 171].

22. Duke Hospitality designated Wesley Dowdy as the representative to be examined pursuant to the Order of this Court.

23. The examination of Duke and Wesley Dowdy was rescheduled on multiple occasions at the request of Wesley Dowdy, Duke Hospitality, and Cary Ichter, counsel for Wesley Dowdy and Duke Hospitality.

24. It was agreed by all parties that the 2004 Examination Wesley Dowdy would take place on February 19, 2021 beginning at 9:30 a.m.

25. At all times relevant to the attempted examination of Wesley Dowdy and Duke Hospitality was represented and advised by attorney Cary Ichter.

26. As demonstrated below, the examination of Duke Hospitality and Wesley Dowdy did not take place at 9:30 a.m. on February 19, 2021.

### THE EVENTS OF FEBRUARY 19, 2021

27. On February 19 2021, at 9:53 a.m. Debtor's counsel received a telephone call from Wesley Dowdy and attorney Cary Ichter informing counsel that the Board of Directors of Thakorji held a meeting and, at that meeting, the Directors (1) removed Dhansukh Patel as President of Thakorji, (2) appointed Wesley Dowdy as President of Thakorji, (3) voted to issue 1500 additional shares of stock in Thakorji, and (4) sold the additional shares of stock in Thakorji to Duke Hospitality.  The purchase price for said shares was $3.00 per share.

28. On February 19, 2021, Wesley Dowdy and Duke Hospitality took the following action to assume control over the Debtor:

   (i)    Convened a meeting of the Board of Directors of Thakorji, at which time Wesley Dowdy moved the Directors to remove Dhansukh Patel as president, installed Wesley Dowdy serve as interim President, issue 1,500 additional shares of stock in Thakorji, which were open to bid only by the Directors then present, and authorized the sale if the 1,500 newly authorized shares in Thakorji to Duke Hospitality at $3.00 per share.  A copy of the *Minutes of Special Meeting of Directors of Thakorji, Inc*. is annexed hereto as **Exhibit A;**

   (ii)   Filed a registration of Thakorji with the Secretary of State of Georgia, changing the registered agent from Dhansukh Patel to attorney Ward Council, and naming

Wesley Dowdy CEO, attorney Cary Ichter as Secretary, and Urmilla Patel as CFO of Thakorji, a copy of which is annexed hereto as **Exhibit B;**

(iii)    Notified Oconee State Bank to remove Dhansukh Patel as signatory, and allow Wesley Dowdy to take control of the Debtor in Possession Account.  Copy of the notice is annexed hereto as **Exhibit C;**

(iv)    Forcibly broke into the offices of Thakorji, CEO Dhansukh Patel at Debtor's Hotel located at 7910 Mall Ring Road in Stonecrest, Georgia, and removed financial and other records, privileged communications, and other property of Thakorji.

29. At all times relevant to the actions in the preceding paragraph, Wesley Dowdy, Duke Hospitality was represented and advised by attorney Cary Ichter.

30. Dhansukh Patel and other shareholders of Thakorji dispute the validity of the action taken to remove Dhansukh Patel as an officer and director and to issue additional shares in Thakorji for multiple reasons, including the following:

a.  The articles of incorporation filed with the Georgia Secretary of State allow for the issuance of only 1,000 shares of stock in Thakorji, and all of those shares were previously issued; the corporation cannot issue more shares without first amending the Articles of Incorporation. A copy of the Articles of Incorporation filed with the Georgia Secretary of State are annexed hereto as **Exhibit D.**

b.  Notice of the meeting of directors on February 19, 2021 did not comport to the requirements for notice in the Bylaws of Thakorji; to wit, notice must be given in writing not less than two days before the scheduled meeting, or orally at least one day before the scheduled meeting.  A copy of the Bylaws of Thakorji are annexed hereto

as **Exhibit E.** See: Article III, Section 4(b).    Dhansukh Patel, a director, was not

given notice orally until the day of the scheduled meeting and written notice was not

postmarked February 18, 2021; the day before the scheduled meeting.  A copy of the

notice and envelope directed to Dina Patel are annexed hereto as **Exhibit F.**

c.    The issuance of additional shares of the Debtor, without first amending the Articles of

Incorporation and without first seeking approval from this Court, is *ultra vires* and is

a nullity.

d.    The sale of shares at $3.00 per share is grossly undervalued and a fraudulent transfer;

31.  The lawful shareholders of Debtor executed a Unanimous Written Consent and Waiver of

Meeting of Shareholders of Thakorji effective 12:00 noon on February 19, 2021 and, at

that time, elected a board of directors consisting of Dhansukh Patel, Naresh Patel and

Amit Patel; all of whom are shareholders of Thakorji.  A true and correct copy of the

*Unanimous Written Consent and Waiver of Meeting of the Shareholders of Thakorji, Inc*.

dismissing the current Board of Directors and electing Dhansukh Patel, Amit Patel and

Naresh Patel as directors of Thakorji is annexed hereto as **Exhibit G**.  Also, at 12:00

noon on February 19, 2021, the Directors of Thakorji executed a *Unanimous Written*

*Consent and Waiver of Meeting of the Directors of Thakorji, Inc*. in which the Board

dismissed the then current officers and designated Dhansukh Patel as President and Usha

Patel as Secretary of Thakorji.  A true and correct copy of the Unanimous Written

Consent and Waiver of Meeting of the Directors of Thakorji, Inc. is annexed hereto as

**Exhibit H.**

## COUNT I
## TURNOVER OF PROPERTY OF THE ESTATE

32. Property of this Chapter 11 estate includes all legal or equitable interests of the debtor in property as of the commencement of the case and any interest in property that the estate acquires after the commencement of the case. 11 U.S.C. §541(a)(1),

33. Property removed from the office of Dhansukh Patel at 7910 Mall Ring Road in Stonecrest, Georgia by Wesley Dowdy and Duke Hospitality on February 19, 2021 is property of the Chapter 11 estate.

34. Property removed from the office of Dhansukh Patel by Wesley Dowdy and Duke Hospitality on February 19, 2021 contains communications between an officer of the Debtor and legal counsel, which are privileged communications under Georgia law and under federal law.

35. Neither Wesley Dowdy nor Duke Hospitality had any lawful right to enter the office and remove any of the property or correspondence removed from the offices of Dhansukh Patel on, or after, February 19, 2021, and Debtor seeks the entry of an order requiring Wesley Dowdy and Duke Hospitality to immediately return all property removed from the offices of Dhansukh Patel on or after February 19, 2021.

36. If this Court should find that Wesley Dowdy had a lawful claim to remove any of the property from the offices of Dhansukh Patel on, or after, February 19, 2021, then Wesley Dowdy is merely a custodian of that property, and must turnover all such property pursuant to 11 U.S.C. §543(b).

## COUNT II
## INJUNCTIVE RELIEF

37. As stated hereinabove, the action taken by Wesley Dowdy and Duke Hospitality was ultra vires and in violation of bankruptcy law, there is a substantial likelihood that Debtor will prevail on the merits.

38. Debtor has been operating profitably recent months since Dhansukh Patel has resumed management responsibilities on June 1 of 2021.  When Wesley Dowdy's position of Managing agent of Debtor was terminated on May 31, 2020, there was $55,917.00 on deposit in the Debtor-in Possession account [Doc. No. 143] after having operated Debtor's Hotel in Chapter 11 for more than 18 months.  Under the management of Dhansukh Patel, there was $269,240 in the Debtor-in Possession account as of January 31, 2021 [Doc. No. X].

39. Debtor must file a Plan of Reorganization in this Case no later than March 31, 2021 pursuant to Order entered in this Case [Doc. No. 173], and is in the process of developing such a Plan.

40. Dhansukh Patel personally guaranteed the obligations of Debtor to Oconee State Bank in an amount exceeding $6,000,000 [Claims No. 3, 4, 5], and has personally guaranteed the obligations of Debtor to Choice Hotels International, the franchisor of Debtor, and has a vested interest in a successful reorganization of Thakorji.

41. Wesley Dowdy has not guaranteed any of the financial obligations of Debtor, and has no vested interest in furthering the successful reorganization of Debtor.

42. Attempts by Wesley Dowdy to wrestle control of Thakorji from its rightful management, if not otherwise unlawful, threatens the successful reorganization of Debtor at this late hour of the Chapter 11 proceedings.

43. Attempts by Wesley Dowdy to access funds on deposit in the Debtor-in Possession account pose a significant risk to the Chapter 11 estate and to reorganization.

44. Debtor will be irreparably harmed if injunction does not issue.

45. Oconee State Bank is the primary secured lender, having filed claims in excess of $6,000,000 and having a lien on cash collateral, and also being the depository for the Debtor-in Possession account in this Case, has been notified by Wesley Dowdy to remove Dhansukh Patel as a signatory on the DIP Account, and Counsel for Oconee State Bank has indicated it will maintain the status quo until this matter can be expeditiously brought before this Court. *See* **Exhibit C.**

46. The primary function of a preliminary injunction is to preserve the status quo until a final hearing is held. *Morse Seed Co. v. Food Corn, Inc.,* 729 F.2d 589 (8th Cir. 1984). The purpose of a preliminary injunction is to prevent threatened wrong or any further perpetration of injury. *Benson Hotel Corp. v. Woods*, 168 F.2d 694(8th Cir. 1984).

47. There are four factors for this court to consider in deciding whether to enter a preliminary injunction: (i) whether Debtor can demonstrate a substantial likelihood of success on the merits, (ii) whether irreparable injury will be suffered unless injunction issues, (iii) whether the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (iv) if issued, whether the injunction would not be adverse to the public interest. *USF Federal Credit Union v. Gateway Radiology Consultants*, 983 F.3d 1239 (11th Cir. 2020).

48. As stated in the preceding paragraphs, actions taken by Wesley Dowdy and Duke Hospitality to take control of the Debtor were in violation of the Bylaws of Thakorji, were non-compliant with the Articles of Incorporation of Thakorji, and attempted to transfer ownership control by issuing share of stock without a determination of the value of such stock and without approval from this Court.  These facts weigh heavily in favor of a finding that Debtor is likely to prevail on the merits of its claims.

49. If the Court does not enjoin Wesley Dowdy and Duke Hospitality from interfering the with operation, finances, and management of the Debtor, Debtor will be unable to prepare a Plan of Reorganization to be timely filed with the Court, and efforts to reorganize will fail.  Debtor will be irreparably harmed in the absence of injunctive relief.

50. The harm to Debtor, Debtor's creditors, and Debtor's equity holders far outweighs any damage that Wesley Dowdy or Duke Hospitality may be caused by issuance of an injunction.

51. The issuance of injunctive relief will not be adverse to the public interest, which interest is primarily the lodging and other accommodations to guests comprised of the general public.

52. In order to preserve the status quo, Debtor seeks the immediate entry of a Preliminary Injunction pursuant to Fed.R.Civ.P. 65(a), applicable to this contested matter pursuant to Bankruptcy Rule 7065, prohibiting Wesley Dowdy, Duke Hospitality, and the agents, employees, and attorneys for either Wesley Dowdy or Duke Hospitality from interfering with the management, operation, finances, and administration of Debtor.

53. In the alternative, Debtor requests that this Court exercise its equitable powers to issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title to protect the assets and determine the management of Debtor

pursuant to 11 U.S.C. §105(a).

## COUNT III
## DAMAGES

54. Duke Hospitality, having asserted a claim in this Case in the amount of $381,820.14, and

now attempting to acquire a controlling equity interest in the Debtor for payment of

$4,500.00, is attempting to, and has taken an act to obtain possession of property of the

state and exercise control over property of the Estate in violation of the Automatic Stay,

11 U.S.C. §362(a).

55. Duke Hospitality and Wesley Dowdy implemented a scheme to wrestle control of Debtor

in order to avoid giving testimony concerning financial irregularities that could be

harmful or incriminating to Duke Hospitality and Wesley Dowdy.

56. Duke Hospitality and Wesley Dowdy have interfered with the lawful administration of

this bankruptcy Case.

57. Duke Hospitality and Wesley Dowdy have converted Property of the Chapter 11 Estate.

58. The actions of Wesley Dowdy and Duke Hospitality were taken in bad faith, and resulted

in monetary damages to Debtor.

59. Violation of the Automatic Stay and bad faith interference with the lawful operation of

the Debtor give rise to the recovery of damages from Wesley Dowdy and from Duke

Hospitality.

60. The conduct of Duke Hospitality and Wesley Dowdy is unconscionable and violates the

provisions of the Bankruptcy Code, and Debtor seeks the entry of a judgment for

monetary damages against Duke Hospitality and Wesley Dowdy in an amount to be

determined by the trier of fact.

WHEREFORE, Thakorji, Inc. prays for the following relief:

(1) The entry of an order requiring Wesley Dowdy and Duke Hospitality to immediately return

to Debtor all property and information removed from the offices of Dhansukh Patel on or

after February 19, 2021 together with all copies, duplicates and electronic versions saved;

(2) The entry of a preliminary injunction prohibiting Wesley Dowdy, Duke Hospitality, their

employees, officers, agents and attorneys, from interfering with the operation, finances,

and management of Debtor;

(3) Entry of a judgment for monetary damages against Wesley Dowdy and Duke Hospitality

arising from and relating to their participation in the unlawful violation of the corporate

charter and by-laws of Thakorji;

(4) Entry of a judgment for monetary damages against Wesley Dowdy and Duke Hospitality

for damage to property of Thakorji;

(5) Entry of a judgment awarding Debtor all costs and fees associated with the preparation and

prosecution of this Adversary Proceeding; and.

(6) This Court grant Debtor such other and further relief as is just and equitable.


Counsel for Debtor

 /S/ Edward F. Danowitz
Edward F. Danowitz
Georgia Bar No. 003180

*Danowitz Legal, PC*
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
edanowitz@danowitzlegal.com